## STATE OF MAINE *vs.* CORDIS L. LONGLEY.

### Cumberland.   Opinion February 3, 1887.

*Search and seizure.   Prior conviction.   Pleadings.*

An averment of prior conviction in search and seizure process, that "defendant has been before convicted . . . of unlawfully keeping and depositing in this State . . . intoxicating liquors, with intent that the same should be sold in this State in violation of law " is sufficient, when accompanied with particular averments of the time and place and court in which the conviction was had.

ON exceptions from superior court.

The exceptions were to the ruling of the court in overruling the defendant's motion in arrest of judgment.

The following were the averments of the complaint.

" Benj. F. Andrews of Portland, in said county, competent to be a witness in civil suits, on the third day of December, A. D., 1885, in behalf of said State, on oath complains that he believes that on the third day of December, in said year, at said Portland, intoxicating liquors were, and still are kept and deposited by Cordis L. Longley of Portland, in said county, in the shop and its appurtenances, situated on the westerly side of Exchange street in said Portland, and numbered eighty-eight on said street, and occupied by said Longley, said Longley not being then and

there authorized by law to sell said liquors within said State, and that said liquors then and there were, and now are intended by said Longley, for sale in the State in violation of law, against the peace of the State and contrary to the form of the statute in such case made and provided.

"And the said complainant on his oath aforesaid, further alleges and complains, that the said Cordis L. Longley has been before convicted in the municipal court for the city of Portland, to wit: on the sixth day of May, A. D. 1885, of unlawfully keeping and depositing in this State, in said county of Cumberland, intoxicating liquors, with the intent that said liquors should be sold in this State in violation of law, against the peace of the State and contrary to the form of the statute in such case made and provided. He therefore prays that due process be issued to search the premises hereinbefore mentioned, where said liquors are believed to be deposited, and if there found, that the said liquors and vessels be seized and safely kept until final action and decision be had thereon, and that said Longley be forthwith apprehended and held to answer to said complaint, and to do and receive such sentence as may be awarded against him."

*George M. Seiders*, county attorney, for the State, cited: R. S., c. 27, § 57; 65 Maine, 248; 39 Maine, 150; 69 Maine, 573; 64 Maine, 267; 35 Maine, 203; 67 Maine, 130, 442; 62 Maine, 135; 68 Maine, 253; 65 Maine, 111.

*D. A. Meaher*, for the defendant.

The allegation of a former conviction as set out in this complaint is bad, because:

1st. It does not refer to any specific provision of the statutes, as having been previously violated, and the sole information as to the nature of the former offence must therefore be gathered entirely from the allegation itself.

2nd. This allegation does not set out briefly or at length, any offence under the statutes of Maine, nor does it describe an offence under § 40, c. 27. A sufficient allegation of an intent

on the part of said defendant, to wit : that the liquors referred to were by him intended for unlawful sale, is omitted.

Such a clear averment is necessary. *State* v. *Learned*, 47 Maine, 426 ; *State* v. *Miller*, 48 Maine, 576.

The statute cannot override the provisions of the Constitution and make bad pleading good. *State* v. *Mace*, 76 Maine, 65 ; § 370, Bishop on Statutory Crime.

Whatever is indispensably necessary to be proved, must be alleged. *State* v. *Verrill*, 54 Maine, 414 ; *State* v. *Philbrick*, 31 Maine, 401.

The prayer for process is defective, because the liquors to be seized are not mentioned with certainty. " Said liquors," may as well refer to the liquors mentioned in the allegation of a former conviction, as to any other.

The word " said " does not incorporate a previous description, that is to say, the word " said " as used in the prayer of process, does not designate the liquors alleged to be deposited in the place alleged. *Rex* v. *Cheeve*, 4 Barn. & Cres. 902 ; 7 Dowling & Ryland, 461.

The place to be searched and the article to be seized should be designated, with certainty, when a search warrant is prayed for.

The designation must be special. Art. 1, § 5, Const. of Maine ; § 12, c. 132, R. S.

The allegation is uncertain and the prayer defective. *Jane (a slave)* v. *State of Missouri*, 3 Missouri, 61.

HASKELL, J. No argument is offered in support of the exceptions to the charge of the presiding justice, and no error is perceived therein.

Nor is the complaint defective. The allegation of prior conviction is, that respondent has been convicted of keeping and depositing in this State intoxicating liquors with intent that the same should be there sold in violation of law.

The averment in substance is, that the respondent had the liquors, intending them for illegal sale ; and this is an offense under R. S., c. 27, § 40. It differs from the cases of *State* v. *Miller*, 48 Maine, 576, and *State* v. *Learned*, 47 Maine, 426, where the allegation was that the respondent had the liquors,

intended it may be, not by him, but by some other person for unlawful sale, for which he would not be responsible.

*Exceptions overruled.*

*Judgment for the State.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.